MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CLAUDIO    NAVARRO    ZAVALA,
*individually and on behalf of others similarly
situated,*

                    *Plaintiff,*

                -against-

TRECE   CORP.   (d/b/a   TRECE   MEXICAN
RESTAURANT),         54         EAST
ENTERTAINMENT   INC.   (d/b/a   TRECE
MEXICAN   RESTAURANT),   54   EAST
ENTERTAINMENT MGT INC. (d/b/a TRECE
MEXICAN RESTAURANT), AESOOK CHOI
and JOEL LIM,

                    *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Claudio Navarro Zavala ("Plaintiff Navarro" or "Mr. Navarro"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against each of defendants Trece Corp.

(d/b/a Trece Mexican Restaurant), 54 East Entertainment Inc. (d/b/a Trece Mexican Restaurant),

54 East Entertainment Mgt Inc. (d/b/a Trece Mexican Restaurant) ("Defendant Corporations"),

Aesook Choi and Joel Lim ("Individual Defendants") (collectively, "Defendants"), alleges as

follows:

**NATURE OF ACTION**

1.      Plaintiff Navarro is a former employee of Defendants Trece Corp., 54 East Entertainment Inc., 54 East Entertainment Mgt Inc., Aesook Choi and Joel Lim.

2.      Trece Mexican Restaurant is a Mexican Restaurant owned by Aesook Choi and Joel Lim, located at 54 E 13th St, New York, NY 10003.

3.      Upon information and belief, Defendants Aesook Choi and Joel Lim serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate the Mexican restaurant.

4.      Plaintiff Navarro is a former employee of Defendants.

5.      Plaintiff Navarro was employed as a dishwasher and porter.

6.      At all times relevant to this Complaint, Plaintiff Navarro worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate overtime compensation for the hours over 40 per week that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Navarro the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Navarro the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Navarro to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Navarro and other employees to work in excess of forty (40) hours

per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Navarro now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Navarro seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Navarro's state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Navarro was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Navarro is an adult individual residing in Bronx County, New York. Plaintiff Navarro was employed by Defendants from approximately October 2013 until on or about December 19, 2017.

16.     Plaintiff Navarro consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a Mexican Restaurant located at 54 E 13th St, New York, NY 10003 under the name "Trece Mexican Restaurant."

18.     Upon information and belief, Trece Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 East 13th Street, New York, New York, 10003.

19.     Upon information and belief, 54 East Entertainment Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 East 13th Street, New York, New York 10003.

20.     Upon information and belief, 54 East Entertainment Mgt Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 E 13th Street, New York, New York 10003.

21.    Defendant Aesook Choi is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Aesook Choi is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Aesook Choi possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Aesook Choi determined the wages and compensation of the employees of Defendants, including Plaintiff Navarro, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.    Defendant Joel Lim is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Joel Lim is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Joel Lim possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporation. Defendant Joel Lim determined the wages and compensation of the employees of Defendants, including Plaintiff Navarro, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.    Defendants operated a Mexican Restaurant located at 54 E 13th St, New York, NY 10003.

24.     Individual Defendants Aesook Choi and Joel Lim possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in

Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Navarro's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Navarro, and all similarly situated individuals, referred to herein.

27.    Defendants jointly employed Plaintiff Navarro, and all similarly situated individuals, and were Plaintiff Navarro's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.    In the alternative, Defendants constituted a single employer of Plaintiff Navarro and/or similarly situated individuals.

29.    Upon information and belief, individual defendants Aesook Choi and Joel Lim operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)    defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporations for their own benefit as sole or majority shareholders;

(e)    operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

(f)    intermingling assets and debts of their own with Defendant Corporations;

(g)    diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

30.    At all relevant times, Defendants are Plaintiff Navarro's employers within the meaning of the FLSA and NYLL.

31.    Defendants had the power to hire and fire Plaintiff Navarro, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Navarro's services.

32.    In each year from 2013 to 2017, Defendants, both individually and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the

Mexican Restaurant on a daily basis, such as wines and spirits, were produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Navarro is a former employee of Defendants, employed in performing the duties of a dishwasher and porter.

35.     Plaintiff Navarro seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Claudio Navarro Zavala*

36.     Plaintiff Navarro was employed by Defendants from approximately October 2013 until on or about December 19, 2017.

37.     At all relevant times, Plaintiff Navarro was employed by Defendants as a dishwasher and porter.

38.     Plaintiff Navarro regularly handled goods in interstate commerce, such as dishwashing liquids and cleaning utensils produced outside of the State of New York.

39.      Plaintiff Navarro's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Navarro regularly worked in excess of 40 hours per week.

41.     From approximately October 2013 until on or about the June 14, 2017 and then from approximately July 16, 2017 until on or about December 19, 2017, Plaintiff Navarro worked from approximately 2:00 p.m. until on or about 2:00 a.m. or 3:00 a.m., four days a week;

and from approximately 4:00 p.m. until on or about 2:00 a.m. or 3:00 a.m. two days a week (typically 68 or 74 hours per week).

42.     For approximately a month, from approximately June 15, 2017 until on or about July 15, 2017, Plaintiff Navarro worked from approximately 2:00 p.m. until on or about 2:00 a.m. or 3:00 a.m., four days a week; from approximately 4:00 p.m. until on or about 2:00 a.m. or 3:00 a.m. two days a week, and from approximately 12:00 p.m. until on or about 2:00 a.m. or 3:00 a.m. one day a week (typically 82 or 89 hours per week).

43.     From October 2013 until on or about September 2014, Plaintiff Navarro was paid his wages in cash.

44.     From October 2014 until the December 19, 2017, Plaintiff Navarro was paid his wages in a combination of cash and check.

45.     From approximately October 2013 until on or about September 2014, Plaintiff Navarro was paid a fixed salary of $480 per week.

46.     From approximately October 2014 until on or about June 14, 2017 and then from approximately July 16, 2017 until on or about December 19, 2017, Plaintiff Navarro was paid a fixed salary of $500 per week.

47.     For approximately a month, from approximately June 15, 2017 until on or about July 15, 2017, Plaintiff Navarro was paid a fixed salary of $660 per week.

48.     Defendants owe Plaintiff Navarro a total of $312 of unpaid wages.

49.     Plaintiff Navarro's wages did not vary regardless of how many additional hours he worked in a week.

50.     For example, Defendants required Plaintiff Navarro to work an additional hour every night without paying him any additional compensation.

51.     Defendants never granted Plaintiff Navarro any break or meal periods of any length.

52.     Defendants did not provide Plaintiff Navarro with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

53.     Instead, defendants required Plaintiff Navarro to sign a document in English that he did not understand, in order for them to give him his weekly pay.

54.     Defendants never provided Plaintiff Navarro with a written notice, in English and in Spanish (Plaintiff Navarro's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Navarro regarding overtime and wages under the FLSA and NYLL.

56.     Defendants required Plaintiff Navarro to purchase "tools of the trade" with his own funds—including five pants and four pairs of shoes per year.

*Defendants' General Employment Practices*

57.     Defendants regularly required Plaintiff Navarro to work in excess of forty (40) hours per week without paying him the proper minimum and overtime wages.

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Navarro (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

59.     Plaintiff Navarro was paid his wages in cash and then in a combination of cash and checks.

60.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

61.    By employing these practices, Defendants avoided paying Plaintiff Navarro the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

62.    Defendants failed to post required wage and hour posters in the Mexican Restaurant, and did not provide Plaintiff Navarro with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Navarro's relative lack of sophistication in wage and hour laws.

63.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Navarro  (and similarly situated individuals) worked, and to avoid paying Plaintiff Navarro  properly for (1) his full hours worked, (2) for minimum wage, (3) for overtime due, and, (4) spread of hour pay.

64.    Defendants failed to provide Plaintiff Navarro  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Navarro  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.     Plaintiff Navarro brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

67.     At all relevant times, Plaintiff Navarro and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

68.    The claims of Plaintiff Navarro stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

69.    Plaintiff Navarro repeats and realleges all paragraphs above as though fully set forth herein.

70.    At all times relevant to this action, Defendants were Plaintiff Navarro's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Navarro (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.    Defendants failed to pay Plaintiff Navarro (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74.    Defendants' failure to pay Plaintiff Navarro (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75.    Plaintiff Navarro (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

76.    Plaintiff Navarro repeats and realleges all paragraphs above as though fully set forth herein.

77.    At all times relevant to this action, Defendants were Plaintiff Navarro's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Navarro (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

78.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Navarro (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

81.    Defendants' failure to pay Plaintiff Navarro (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff Navarro (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

83.     Plaintiff Navarro repeats and realleges all paragraphs above as though fully set forth herein.

14

84.     At all times relevant to this action, Defendants were Plaintiff Navarro's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Navarro (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

85.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Navarro  (and the FLSA Class members) less than the minimum wage.

86.     Defendants' failure to pay Plaintiff Navarro (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87.     Plaintiff Navarro (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK STATE

## LABOR LAW'S OVERTIME PROVISIONS

88.     Plaintiff Navarro repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants, in violation of N.Y. Lab. Law § 190 et seq. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Navarro  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

90.     Defendants failed to pay Plaintiff Navarro (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

91.    Defendants' failure to pay Plaintiff Navarro (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.    Plaintiff Navarro (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

93.    Plaintiff Navarro repeats and re-alleges all paragraphs above as though fully set forth herein.

94.    Defendants failed to pay Plaintiff Navarro (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Navarro's spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 et seq., and 650 et seq., and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.6.

95.    Defendants' failure to pay Plaintiff Navarro (and the FLSA Class members) an additional hour's pay for each day Plaintiff Navarro's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

96.    Plaintiff Navarro (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

16

97.    Plaintiff Navarro repeats and realleges all paragraphs above as though fully set forth herein.

98.    Defendants failed to provide Plaintiff Navarro with a written notice, in English and in Spanish (Plaintiff Navarro's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

99.    Defendants are liable to Plaintiff Navarro in the amount of $5,000, together with costs and attorney's fees.

<u>**SEVENTH CAUSE OF ACTION**</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

100.    Plaintiff Navarro repeats and realleges all paragraphs above as though set forth fully herein.

101.    Defendants did not provide Plaintiff Navarro with a statement of wages with each payment of wages, as required by NYLL 195(3).

102.    Defendants are liable to Plaintiff Navarro in the amount of $5,000, together with costs and attorney's fees.

<u>**EIGHTH CAUSE OF ACTION**</u>

**RECOVERY OF EQUIPMENT COSTS**

103.    Plaintiff Navarro repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants required Plaintiff Navarro to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to

perform his job, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  §
206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

105.    Plaintiff Navarro was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Navarro respectfully requests that this Court enter judgment
against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of
notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the
pendency of this action, and permitting them promptly to file consents to be Plaintiff Navarro ’
in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and
associated rules and regulations under, the FLSA as to Plaintiff Navarro  and the FLSA class
members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and
associated rules and regulations under, the FLSA as to Plaintiff Navarro  and the FLSA class
members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and
associated rules and regulations under, the FLSA with respect to Plaintiff Navarro’s , and the
FLSA class members’, compensation, hours, wages, and any deductions or credits taken against
wages;

(e)     Declaring that Defendants’ violation of the provisions of the FLSA were willful
as to Plaintiff Navarro  and the FLSA class members;

(f)     Awarding Plaintiff Navarro  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Navarro  and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Navarro  and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Navarro  and the members of the FLSA Class;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Navarro  and the members of the FLSA Class;

(k)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Navarro and the members of the FLSA Class;

(l)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Navarro's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Navarro's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(n)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Navarro  and the FLSA Class members;

(o)    Awarding Plaintiff Navarro  and the FLSA class members damages for the amount of unpaid minimum, overtime wages and spread of hours pay, as well as damages for any improper deductions or credits taken against wages;

(p)    Awarding Plaintiff Navarro damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)    Awarding Plaintiff Navarro  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum and overtime compensation, as well as spread of hours pay, shown to be owed pursuant to NYLL § 663 as applicable;

(r)    Awarding Plaintiff Navarro  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s)     Awarding Plaintiff Navarro  and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(t)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 15, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

21

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                       Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 14, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Claudio Navarro Zavala

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 Claudio NZ

Date / Fecha:                      14 de Febrero, 2018

*Certified as a minority-owned business in the State of New York*