# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

michael@faillacelaw.com

February 11, 2020

**BY ECF**
Judge Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

　　　　Re:　　*Navarro Zavala et al v. Trece Corp. et al;*
　　　　　　　　<u>18-cv-01382-ER; U.S. District Court, Southern District of New York</u>

Your Honor:

　　　　This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair. Additionally, in light of the parties' instant submission, we respectfully request the upcoming status conference, scheduled for February 14, 2020, be adjourned sine die.

　　　　The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

　　　　Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

　　　　Specifically, Plaintiff alleges he was employed by Defendants as a dishwasher and porter from approximately October 2013 until on or about December 19, 2017. During his employment, Plaintiff regularly worked over 40 hours a week, and was paid a weekly fixed salary that failed to appropriately compensate him.

　　　　Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

Plaintiff alleges he is entitled to back wages of approximately $67,505.63. Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $196,460.18, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $37,500. The settlement shall be paid in 24 monthly installments. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants produced employment records (the accuracy of which Plaintiff disputes) contradicting Plaintiff's claims. Additionally, and importantly, Defendants are financially strained. Indeed, the corporate Defendants filed for bankruptcy during this case. As such, Plaintiff is concerned that even if he were to obtain a judgment here, it would not be collectable. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." Lliguichuzhca v Cinema 60, LLC, 948 F Supp 2d 362, 364 (SDNY 2013).

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $12,500.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $6,427.50. A copy of Plaintiff's billing record is attached as "Exhibit C." While Plaintiff's counsel is asking for 1.9 times their lodestar, the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S.

Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiff in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

      i.      My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.      Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                         Respectfully submitted,

                         /s/Michael Faillace
                         Michael Faillace
                         MICHAEL FAILLACE & ASSOCIATES, P.C.
                         Attorneys for the Plaintiff

Enclosures