UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIO NAVARRO ZAVALA, *individually and on behalf of others similarly situated*,

Plaintiff,

– against –

TRECE CORP., *doing business as Trece Mexican Restaurant*, 54 EAST ENTERTAINMENT MGT INC. *doing business as Trece Mexican Restaurant, and* JOEL LIM,

Defendants.

**ORDER**

18 Civ. 1382 (ER)

RAMOS, D.J.:

  Claudio Navarro Zavala brought this action in February 2018 against Trece Corp., 54 East Entertainment MGT, Inc. and Joel Lim, for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); violation of minimum wage provisions under FLSA and NYLL; violation of notice, recordkeeping, and wage statement requirements under the NYLL; and unreimbursed equipment costs under the FLSA and NYLL. Compl., Doc. 1. Pending before the Court is the parties' application for court approval of their Settlement Agreement. Doc. 52.

  In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced

by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

Here, Navarro Zavala has calculated that he worked just over 11,600 hours from December 2013 to December 2017. Doc. 52 Ex. 2. Navarro Zavala alleges that the defendants failed to pay him at the overtime rate of 1.5 times his regular wage for any of his overtime hours. He also claims liquidated damages, penalties, and unreimbursed costs. Navarro Zavala estimates that, "if he had recovered in full for his claims," he would recover about $196,500 in damages, penalties, and interest. The defendants have produced records that may dispute the amount of hours Navarro Zavala claims he work, and the two corporate defendants have filed for bankruptcy, potentially complicating collection on a judgment. Following a mediation in October 2019, the parties agreed to settle Navarro Zavala's claims for a total of $37,500. Of that amount, Navarro Zavala would receive $25,000 after attorneys' fees and costs. In light of the parties' submissions and the risks and costs of litigating these issues to trial, the Court concludes that the parties' proposed settlement amount of $37,500 is fair and reasonable under the circumstances. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 07228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount reflected a "reasonable compromise of disputed issues").

As noted, Navarro Zavala states that he would receive $25,000 from the settlement fund, and his counsel would receive $12,500, which represents one-third of the total settlement

amount.[1] "[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).

"The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). Here, Navarro Zavala has submitted the billing records for two of his attorneys, managing member Michael Faillace, who bills at $450 per hour, and associate Jesse Barton, who bills at $375 per hour. *See* Doc. 52 at 3, Ex. 3. Although the attorneys' rates "are on the high end of what is typical in FLSA cases," *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016), they are within the range of reasonable hourly rates for similarly experienced attorneys, *see Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553, 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"); *Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving rate of $500 per hour for a named partner). These rates, and the 16.4 hours of work reasonably spent on this case, yield a lodestar of $6528. Costs total $1272.

The lodestar of $6428, compared to the requested $11,228 of the settlement net of costs, results in a lodestar multiplier (net of fees) of approximately 1.7. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly,

---

[1] "[W]hen assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement *net of costs*." *Montalvo v. Arkar Inc.*, No. 17 Civ. 6693 (AJN), 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) (emphasis added).

3

the Court accepts the multiplier of 1.7 and determines $11,288 in attorneys' fees to be reasonable under the circumstances. The requested costs of $1272 are also reasonable.

With respect to Navarro Zavala's obligations under the Agreement, they include no objectionable confidentiality provisions, and his release is appropriately limited to "claims in the Litigation that have occurred as of the Effective Date of this Agreement." Doc. 52 Ex. 1 § 2; *see Nights of Cabiria*, 96 F. Supp. 3d at 177–81.

Accordingly, the parties' request for approval of the Agreement is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 52, and close the case.

It is SO ORDERED.

Dated: February 13, 2020
New York, New York

_____
EDGARDO RAMOS, U.S.D.J.